UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jotham Smith, Adam Scheiner, Brian Parks, Annette Lipsky, Steven Fletcher, Michael Cooper, Tracey Baird, on behalf of themselves and similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>American Federation of State, County, and Municipal Employees, Ohio Council 8.<br><br>    Defendant. | Case No.: 2:18-cv-1226<br><br>CLASS ACTION COMPLAINT |

# INTRODUCTION

1. On June 27, 2018, the Supreme Court held it unconstitutional for unions to collect union dues or fees from public employees without their affirmative consent. *Janus v. AFSCME, Council* 31, 138 S. Ct. 2448, 2486 (2018).

2. Defendant American Federation of State, County, and Municipal Employees, Ohio Council 8 ("AFSCME Council 8") maintains and enforces a policy under which it will collect union dues from the wages of public employees, who have notified the union that they do not consent to paying union dues, unless and until that notification is provided to the union during a fifteen (15) day period prior to the expiration of the collective bargaining agreement governing their employment.

3. Plaintiffs Jotham Smith, Adam Scheiner, Brian Parks, Annette Lipsky, Steven Fletcher, Michael Cooper, Tracey Baird ("Plaintiff Employees") are public employees who notified AFSCME Council 8 that they do not consent to its collection of union

dues from their wages, and yet continue to have union dues seized from their wages because of the union's revocation policy.

4. AFSCME Council 8 is violating the First Amendment rights of the Plaintiff Employees and proposed classes of similarly situated public employees by severely limiting when they can exercise their First Amendment rights under *Janus* and by collecting union dues from the employees without employees' consent.

5. Plaintiff Employee seek for themselves and similarly situated employees a declaratory judgment that AFSCME Council 8's revocation policy is unconstitutional and unenforceable, injunctive relief that prohibits its maintenance and enforcement, and nominal damages and compensatory damages.

## PARTIES

6. Plaintiff Jotham Smith resides in Greene County, Ohio.

7. Plaintiff Adam Scheiner resides in Hamilton County, Ohio.

8. Plaintiff Brian Parks resides in Montgomery County, Ohio

9. Plaintiff Annette Lipsky resides in Hamilton County, Ohio.

10. Plaintiff Steven Fletcher in Madison County, Ohio.

11. Plaintiff Michael Cooper resides in Montgomery County, Ohio.

12. Plaintiff Tracey Baird resides in Pickaway County, Ohio.

13. Defendant AFSCME Council 8 is a labor organization whose headquarters is located at 6800 North High Street, Worthington, Ohio, 43805, and that conducts business throughout the State of Ohio. Defendant AFSCME Council 8 also has regional offices located at, among other locations, 1213 Tennessee Ave., Cincinnati, Ohio,

45229 and 15 Gates Street, Dayton, Ohio, 45402.

## JURISDICTION AND VENUE

14. This Court has jurisdiction to adjudicate this case pursuant to 28 U.S.C. § 1331 because it arises under the United States Constitution, and 28 U.S.C. § 1343 because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

15. Venue is proper under 28 U.S.C. § 1391 because the Defendant has offices and conducts business throughout this judicial district and a substantial part of the events giving rise to the claims occurred within this judicial district. Assignment to the Eastern Division of this Court is appropriate because Defendant's headquarters is located within its ambit.

## FACTUAL ALLEGATIONS

16. Plaintiffs Lipsky and Scheiner are employed by Hamilton County Jobs and Family Services (HCJFS) at its office in Cincinnati, Ohio. HCJFS is an agency of Hamilton County, which is a political subdivision of the State of Ohio under Article 10.01 of the Ohio Constitution. HCJFS is a public employer and Plaintiffs Lipsky and Scheiner public employees.

17. Plaintiffs Cooper, Parks, and Smith are employed by Five Rivers Metroparks, which is an independent political subdivision of the State of Ohio under Ohio Revised Code § 1545. Five Rivers Metroparks is a public employer and Plaintiffs Cooper, Parks, and Smith public employees.

18. Plaintiffs Baird and Fletcher are employed by Franklin County Animal Control Services. Franklin County Animal Control Services is a department of Franklin County, which is a political subdivision of the State of Ohio under Article 10.01 of the Ohio Constitution. Franklin County Animal Control Services is a public employer and Plaintiffs Baird, Fletcher, and Dixon are public employees.

19. At relevant times, Plaintiff Employees have been subject to the exclusive representation of AFSCME Council 8 and are subject to the terms of the collective bargaining agreements AFSCME Council 8 enters into with their public employers.

20. Ohio's Public Employees' Collective Bargaining Act ("Act"), Ohio Revised Code § 4117, mandates that collective bargaining agreements between exclusive representatives and public employers "shall contain a provision that . . . [a]uthorizes the public employer to deduct the periodic dues, initiation fees, and assessments of members of the exclusive representative upon presentation of a written deduction authorization by the employee." *Id.* at § 4117.09(B)(2).

21. AFSCME Council 8's current collective bargaining agreements with the Plaintiff Employees' employers contain dues deduction clauses. Given the requirements of Ohio Revised Code § 4117.09(B)(2), and on information and belief, all of AFSCME Council 8's collective bargaining agreements with public employers subject to the Act contain dues deduction clauses.

22. The Act authorizes exclusive representatives and public employers to enter into agency fee provisions that require, as a condition of employment, "that the employees in the unit who are not members of the employee organization pay to the

employee organization a fair share fee." Ohio Rev. Code § 4117.09(C). The deduction of this agency fee "by the public employer from the payroll check of the employee and its payment to the employee organization is automatic and does not require the written authorization of the employee." *Id.*

23. AFSCME Council 8's current collective bargaining agreements with HCJFS and Franklin County Animal Control Services contain agency fee provisions. AFSCME Council 8's prior collective bargaining agreement with all of the Plaintiff Employees' employers contained agency fee provisions.

24. On information and belief, the vast majority of AFSCME Council 8's collective bargaining agreements with public employers that were entered into prior to June 27, 2018, contain(ed) agency fee clauses that required the automatic deduction of agency fees from the wages of employees who are not union members.

25. At times prior to June 27, 2018, each Plaintiff Employee signed an AFSCME Council 8 membership and checkoff card that authorized both union membership and the deduction of union dues from their wages. Plaintiff Employees did so, in large part, because they were required to pay AFSCME Council 8 agency fees even if they did not join the union.

26. On June 27, 2018, the Supreme Court in *Janus* held agency fee requirements unconstitutional and that public employees had a First Amendment right not to have union dues or fees deducted from their wages without their affirmative consent. 138 S. Ct. at 2486.

27. After *Janus* was decided on June 27, 2018, each Plaintiff Employee separately

notified AFSCME Council 8, by written letter, that they resigned their union membership and did not consent to any further deduction of union dues or fees from their wages.

28. Each Plaintiff Employee subsequently received substantively identical form letters from AFSCME Council 8 that acknowledged his or her resignation of union membership, but that stated that "your dues deduction will not be stopped at this time because your written request to stop dues was not made in accordance with the procedures and within the window period set forth in the collective bargaining agreement or in the dues authorization card you signed." AFSCME Council 8 attached to those letters copies of the referenced membership and checkoff card.

29. AFSCME Council 8's membership and checkoff card states:

> I request and hereby accept, upon execution of this authorization card, membership in the American Federation of State, County and Municipal Employees, AFL-CIO (herein called AFSCME) and the appropriate subordinate body(s) (the Union), and authorize the subordinate body(s) to represent me and in my behalf to negotiate and conclude all agreements as to rates of pay, wages, hours and all other terms and conditions of employment. It is agreed that such membership shall be in accordance with the provisions of the Constitution of AFSCME and its subordinate bodies. It is further agreed that my membership may only be revoked by me during the thirty (30) to forty-five (45) day period prior to the expiration of any labor agreement with my employer, by giving written notice to a subordinate body with proof of service. My membership shall not terminate until thirty (30) days after receipt of said notice by the Union. I understand that this membership agreement is separate from my checkoff agreement.

> CHECKOFF AGREEMENT

> You are hereby authorized and directed to deduct from my wages, my membership fee, initiation fee if any, assessment or an equivalent amount or fee, which shall be remitted by you to a subordinate body of AFSCME, in accordance with the applicable collective bargaining agreement. <u>This checkoff Authorization and Assignment may only be revoked by me by my giving and the appropriate</u>

<u>subordinate body and my employer receiving written notice of revocation during the (30) to forty-five (45) day period prior to the expiration date of any collective bargaining agreement covering my employment.  This Authorization and Assignment will continue after revocation and shall not terminate until thirty (30) days after receipt of said timely written notice by the employer and Union or termination of any current labor agreement, whichever is later</u>.  I understand that this checkoff commitment is separate from my membership agreement.  This checkoff Authorization and Assignment supersedes all previous authorizations and assignments.

Dues, contributions or gifts to AFSCME are not deductible for federal income tax purposes.  Dues paid to AFSCME, however, may qualify as business expenses and may be deductible in limited circumstances subject to various restrictions imposed by the Internal Revenue Service.

I understand that at times the labor agreement with my employer may vary the above agreed to terms of membership and/or checkoff or be silent. I agree that the above membership and checkoff authorization shall control in any and all circumstances absent a specific contrary checkoff or membership provision in the labor agreement covering my employment.

(emphasis added).

30. Hereinafter, the phrase "revocation policy" shall be used to describe the policy set forth in the underlined language in AFSCME Council 8 membership and checkoff card and any similar AFSCME Council 8 restriction on when and how employees can end the deduction of union dues from their wages.

31. On information and belief, since at least May 1999 if not before, AFSCME Council 8's membership and checkoff card has contained the same or similar language, including the same or similar revocation policy.

32. The typical duration of a collective bargaining agreement is three (3) years. AFSCME Council 8's revocation policy thus typically restricts employees from exercising their First Amendment right under *Janus* not to subsidize a union and its speech to a single fifteen (15) day period every three (3) years.

33. AFSCME Council 8's revocation policy prohibits Plaintiffs Lipsky and Scheiner from exercising their First Amendment rights under *Janus* until November 16 to December 1, 2019—because AFSCME Council 8's collective bargaining agreement with their employer expires December 31, 2019—and then for subsequent years until the next fifteen (15) day period.

34. AFSCME Council 8's revocation policy prohibits Plaintiffs Baird and Fletcher from exercising their First Amendment rights under *Janus* until November 16 to December 1, 2020—because AFSCME Council 8's collective bargaining agreement with their employer expires December 31, 2020—and then for subsequent years until the next fifteen (15) day period.

35. AFSCME Council 8's revocation policy prohibits Plaintiffs Cooper, Parks, and Smith from exercising their First Amendment rights under *Janus* until March 6 to March 21, 2021—because AFSCME Council 8's collective bargaining agreement with their employer expires April 20, 2021—and then for subsequent years until the next fifteen (15) day period.

36. AFSCME Council 8's membership and checkoff card contains no language that informs potential signatories: (1) that they have a First Amendment right not to subsidize the union and its speech; or (2) that, by signing the card, they are waiving their First Amendment right to not subsidize the union and its speech.

37. AFSCME Council 8's revocation policy is enforced by public employers that, in coordination with AFSCME Council 8 and at its behest, deduct union dues from em-

ployees' wages and remit those monies to AFSCME Council 8 pursuant to dues deduction agreements that are mandatory terms of collective bargaining agreements under Ohio Revised Code § 4117.09(B)(2).

38. Pursuant to its revocation policy, AFSCME Council 8 continued to collect and have public employers deduct union dues from Plaintiff Employees after they notified the union that they did not consent to paying union dues. Unless enjoined from so doing, AFSCME Council 8 will continue to collect union dues from each Plaintiff Employee unless and until he or she provides another notice of non-consent to the union during the fifteen (15) day period proscribed in the revocation policy.

39. On information and belief, AFSCME Council 8 has enforced, and will continue to enforce, its revocation policy against public employees by collecting and having public employers deduct union dues from public employees who notifiied the union that they do not consent to paying union dues outside of the fifteen day (15) period applicable to those employees.

## CLASS ACTION ALLEGATIONS

40. Plaintiff Employees bring this case on their own behalf and on behalf of others similarly situated, and seek the certification of two classes. First, Plaintiff Employees seek the certification, under Federal Rule of Civil Procedure 23(b)(1)(A), (b)(1)(B), and (b)(2), of a "Class" that includes all public employees who, at any time after June 27, 2018, are subject or were subject to AFSCME Council 8's revocation policy. Second, Plaintiff Employees seek the certification, under Rules 23(b)(2) and (b)(3), of a "Revocation Class" that consists of all public employees from whom, at any time after June

27, 2018, AFSCME Council 8 collected union dues or fees after receiving notification from the individual that he or she did not consent to paying union dues or fees. Alternatively, Plaintiff Employees request certification of the classes or subclasses the Court deems appropriate.

41. AFSCME Council 8 reported to the federal government that it had 34,752 members in 2017. On information and belief, many if not most are subject to AFSCME Council 8's revocation policy. The number of Class members is in the thousands, making joinder of the individual Class members impractical.

42. On information and belief, AFSCME has enforced its revocation policy against public employees throughout the State of Ohio, rendering joinder of individual Revocation Class members impractical.

43. There are questions of fact and law common to all Class and Revocation Class members. Factually, all are subject to the same or similar revocation policy. The dispositive question of law is the same for the Plaintiff Employees and Class and Revocation Class members: is AFSCME Council 8's maintenance and enforcement of its revocation policy constitutional under the First Amendment?

44. Plaintiff Employees' claims are typical of Class members' claims because all claims concern whether AFSCME Council 8's revocation policy unlawfully restricts their ability to exercise their First Amendment rights under *Janus*. Plaintiff Employees' claims are also typical of Revocation Class members' claims because all claims concern whether AFSCME Council 8's collection of union dues from them without their consent violates their First Amendment rights under *Janus*.

45. Plaintiff Employees will adequately represent the interests of the proposed classes, and has no interests antagonistic to the class.

46. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by Class members could risk inconsistent adjudications that would establish incompatible standards of conduct for AFSCME Council 8.

47. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of AFSCME Council 8's maintenance and enforcement of its revocation policy will as a practical matter, be dispositive of the interests of all Class members or substantially impair or impede their ability to exercise their First Amendment rights.

48. A class action can be maintained under Rule 23(b)(2) because AFSCME Council 8, by maintaining and enforcing its revocation policy, has acted or refused to act on grounds that apply generally to members of the Class and Revocation Class, so that final injunctive or declaratory relief is appropriate for the Class and Revocation Class as a whole.

49. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual Revocation Class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all Revocation Class members are subjected to the same violation of their constitutional rights but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate

actions. The amount of the unauthorized deductions taken from plaintiffs and class members is known to the defendant.

## CAUSES OF ACTION

50. Plaintiff Employees reallege and incorporates by reference the paragraphs set forth above in each Count of their Complaint.

51. AFSCME Council 8 acts under color of state law by maintaining and enforcing its revocation policy and by collecting and having public employers deduct union dues from public employees who have notified AFSCME Council 8 and/or public employers that they do not consent to paying union dues.

52. The Supreme Court in *Janus* held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486.

## COUNT I

### (Individual and Class Cause of Action)

53. AFSCME Council 8's maintenance and enforcement of its revocation policy violates Plaintiff Employees' and Class Members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

54. Plaintiff Employees and Class Members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no

adequate remedy at law, as a result of being subjected to AFSCME Council 8's revocation policy.

## COUNT II

### (Individual and Revocation Class Cause of Action)

55. AFSCME Council 8, by collecting and having public employer deduct union dues from the Plaintiff Employees and Revocation Class members pursuant to its revocation policy, has violated and continues to violate Plaintiff Employees' and Revocation Class Members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

56. Plaintiff Employees and Revocation Class members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law, as a result of being forced to subsidize AFSCME Council 8 and its speech without their consent.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs request that this Court:

A. Issue a declaratory judgment that AFSCME Council 8's revocation policy is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable;

B. Issue a declaratory judgment that AFSCME Council 8 violates the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, by collecting and having public employer deduct union dues from public employees who do not consent to paying union dues or who notify the union that they no longer consent to paying union dues.

C. Permanently enjoin AFSCME Council 8, along with its affiliates, agents, and any other person or entity in active concert or participation with AFSCME Council 8, from maintaining and enforcing its revocation policy and from collecting and having public employers deduct union dues from public employees who notify the union that they do not consent to paying union dues;

D. Award equitable relief that requires AFSCME Council 8 to provide the Plaintiff Employees and Class Members with: written notice that its revocation policy is unconstitutional and unenforceable; written notice that employees have the right to stop the deduction and collection of union dues from them at any time by notifying the union of their lack of consent, and; an opportunity to retroactively exercise that right;

E. Award nominal damages to the Plaintiff Employees and Class and Revocation Class Members;

F. Award compensatory damages to the Plaintiff Employees and Revocation Class Members;

G. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

H. Grant other and additional relief as the Court may deem just and proper.

Date:  October 15, 2018

        By /s/ Donald C. Brey
        Donald C. Brey (0021965)
        Taft Stettinius & Hollister LLP
        65 E. State Street, Suite 1000
        Columbus, Ohio 43215
        Tel (614) 334-6105
        dbrey@taftlaw.com

        and

        William L. Messenger
        Aaron B. Solem
        Byron Andrus
          (Pro Hac Vice Motions to be filed)
        National Right to Work Legal Defense
         Foundation
        8001 Braddock Road, Suite 600
        Springfield, VA 22160
        Tel (703) 321-8510
        wlm@nrtw.org
        abs@nrtw.org
        bsa@nrtw.org

        *Attorneys for Plaintiffs*